**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50224 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00869-GPS |
| v. | |
| MARGARET MABLE, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George P. Schiavelli, District Judge, Presiding

Submitted January 11, 2010 [**]

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

Margaret Mable appeals from the 27-month sentence imposed following her

guilty-plea conviction for conspiracy and passing stolen treasury checks, in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

NC/Research

violation of 18 U.S.C. §§ 371 and 510(b).  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Mable contends that the district court procedurally erred at sentencing by failing to address her argument that her assistance in the arrest of her co-conspirators warranted a lower sentence.  This contention fails.  *See United States v. Carter*, 560 F.3d 1107, 1118-19 (9th Cir. 2009).

Mable also contends that the district court erred at sentencing by giving undue weight to her criminal history and improperly considering her inability to pay restitution as part of her sentence.  She further contends that the sentence is unwarrantedly disparate to the sentences of her co-conspirators.  The record reflects that the district court did not abuse its discretion at sentencing and that, in light of the totality of the circumstances, the sentence is not unreasonable.  *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc); *United States v. Corona-Verbera*, 509 F.3d 1105, 1120 (9th Cir. 2007) (disparity between defendants who accepted responsibility and defendant who went to trial did not render sentence unreasonable).

Finally, the panel is in receipt of Mable's pro se informal appellate brief filed on December 22, 2008.  Because Mable is represented by counsel, only

counsel may submit filings and this court therefore declines to entertain the submission.

**AFFIRMED.**